UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFFORD GLENN JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14 CV 96 CDP |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

In this action plaintiff Clifford Glenn Jennings seeks judicial review of the decision denying his request to reopen the termination of his Social Security survivor benefits. I conclude that this Court lacks jurisdiction to review the Commissioner's refusal to reopen the decision terminating benefits, and that plaintiff has not made a colorable showing that his due process rights have been violated. I will therefore dismiss this case for lack of subject-matter jurisdiction.

## Background

Clifford Glenn Jennings' father died in 1996 when Jennings was a minor. At that time, Jennings was awarded surviving child's benefits based on his father's earnings record. Those benefits were terminated in 2003 when he was 19. He did not request review of the agency decision stopping those benefits, and the decision

terminating the benefits has not been made part of the record here.  Jennings later filed for Supplemental Security benefits and child disability benefits in 2007 and 2008, respectively.  After a 2009 hearing, an ALJ initially denied these requests for benefits.  That decision was remanded by the Appeals Council.  In May 2012 a second hearing was held before a different ALJ, Judge Debra J. Denney, and later the same month, Judge Denney issued a fully favorable decision on the two pending disability applications, approving both requests for benefits dating back to the alleged disability onset date of September 15, 2006.  As part of her decision, Judge Denney found no good cause to reopen Jennings' 2003 disability determination terminating his receipt of survivor benefits.  In September 2014, the Appeals Council denied Jennings' request for review of the ALJ's decision.   In this case Jennings challenges only the portion of the decision refusing to reopen the prior termination of child survivor benefits.

Jennings claims that his 2007 and 2008 applications for benefits acted as a request to reopen the 2003 termination of benefits, although neither application mentions the prior determination.  In January 2008 Jennings' attorney sent a letter to the Office of Disability Adjudication and Review stating that he was requesting a "Decision on the Record for the Claimant as a Disabled Adult Child dating back to the time when he was determined ineligible for Social Security." [Tr. 320]  This letter was forwarded to a Social Security Administration District Manager in

2

Moberly, Missouri in December 2008. [Tr. 324] Finally, two days before Jennings' 2012 hearing, his attorney sent a brief to Judge Denney asking her to reopen the prior decision terminating Jennings' child survivor benefits for good cause on the basis that Jennings' mental incapacity kept him from making a timely request for appeal of that decision. [Tr. 339] He cited to SSR 91-5p, 20 C.F.R. § 404.911(a), and 20 C.F.R. § 416.1411(a).

Judge Denney found no good cause to reopen the previous determination terminating Jennings' survivor benefits. In considering whether Jennings lacked the mental capacity to understand the procedures for requesting review, she considered the requirements of SSR 91-5p. She then noted that while Jennings had some deficits at the time of the previous determination, he was able to adaptively function well enough to attempt some jobs, engage in a relationship, and father a child. He was able to assist with simple chores around the home, attend car shows, drive, manage medications and perform one or two step directions with assistance.

## Discussion

The only issue before me is whether to reverse or remand the ALJ's decision that good cause did not exist to reopen plaintiff's previous disability determination terminating his receipt of child survivor benefits in 2003. Plaintiff argues that when he turned 19, instead of terminating his benefits, the Commissioner should have found him eligible for disabled child benefits based on his mental retardation.

3

Plaintiff claims that he had good cause, based on his mental incapacity, for failing to timely appeal the Commissioner's decision. In his initial brief, plaintiff claimed that the ALJ's failure to find good cause to reopen the 2003 determination is not supported by substantial evidence on the record as a whole; in his reply brief, plaintiff claims that his due process rights were violated. The Commissioner argues that the court lacks jurisdiction to consider this claim.

I agree with the Commissioner that the court does not have jurisdiction over plaintiff's claim that the ALJ's decision to reopen was not supported by substantial evidence because such a decision is not considered a final decision of the Commissioner subject to judicial review. 42 U.S.C. § 405(g) authorizes judicial review of "any final decision of the Commissioner ... made after a hearing." *See Mason v. Barnhart,* 406 F.3d 962, 964 (8th Cir. 2005). Under § 405(g), courts lack jurisdiction to review the Commissioner's refusal to reopen a proceeding or extend the time for review of a determination because such decisions are not considered "final decision[s] of the Commissioner ... made after a hearing." 42 U.S.C. § 405(g); *see Boock v. Shalala,* 48 F.3d 348, 351 (8th Cir.1995); *see also Califano v. Sanders,* 430 U.S. 99, 107–08 (1977); *Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007). However, jurisdiction may exist if the claimant makes a colorable constitutional claim challenging the Commissioner's refusal to reopen the proceeding. *See Efinchuck*, 480 F.3d at 848.

Plaintiff did not make any constitutional argument in his initial brief. In his reply brief, Plaintiff argues that his due process rights were or will be violated. First he states that if he is denied an opportunity to appeal the ALJ's decision, he will lose a level of appeal that other claimants are allowed to exercise, which would be a denial of due process. This argument fails because Plaintiff has no due process right to judicial review of a decision denying a request to reopen.

Plaintiff has also argued that the ALJ's decision violated his due process rights because it does not "make sense and quote cogent reasons for a denial" or "comport with the facts and evidence." This sounds very much like an argument that the ALJ's decision was not supported by substantial evidence, but because it can arguably be construed as a substantive due process claim, I will address it.

A plaintiff alleging a substantive due process claim "must demonstrate that the government action complained of is truly irrational…." *Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 749 (8th Cir. 2007). The state actor's conduct must be egregious. It must be "arbitrary, or conscience shocking, in a constitutional sense." *Skokos v. Rhoades*, 440 F.3d 957, 962 (8th Cir. 2006). The record does not support a conclusion that the ALJ's decision or actions were egregious. Her opinion indicates that she considered the evidence presented in light of the substantive factors required by SSR 91-5p. An independent review of the evidence shows Jennings indicated he could read and write English, help with

chores around the house, drive, and follow simple instructions. There is not such a dearth of evidence supporting the ALJ's decision as to make it arbitrary or shocking to the conscience. Plaintiff's argument amounts to a claim that the ALJ construed the evidence incorrectly, and this is not enough. Jennings has failed to present a colorable substantive due process claim.

To the extent he has attempted to do so, Jennings has also failed to make out a colorable procedural due process claim. "A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures." *Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998). The inquiry looks at the procedural safeguards built into the statutory or administrative procedure effecting the deprivation. *Id*. "[D]ue process does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard….." *Boock*, 48 F.3d at 353 n.8. In *Efinchuk v. Astrue*, a case factually similar to this one, the Eighth Circuit found there was no colorable due process claim where the ALJ received and considered claimant's evidence, listened to and considered all proffered testimony and argument, and wrote an opinion setting forth a "cogent rationale" explaining her decision not to reopen the plaintiff's prior disability application. *See Efinchuk*, 480 F.3d at 848-49. Here, Plaintiff has pointed to no specific part of the process that was deficient. His attorney submitted a brief

6

arguing his position to the ALJ.  Plaintiff received an administrative hearing and was represented by counsel before, during, and after the hearing.  At the hearing, he had a chance to speak and be examined by his counsel.  The ALJ listened to all proffered testimony and argument and rendered an opinion explaining her decision to deny Plaintiff's request to reopen the previous determination.  She considered the relevant law and regulations and cited to evidence in the record to support her decision.  In light of all of this, and in the absence of any more specific argument by Plaintiff, Plaintiff has made no colorable procedural due process claim.

## **Conclusion**

For all of these reasons, the Court does not have jurisdiction over Plaintiff's claims and this case is therefore dismissed.  A separate judgment in accordance with this Opinion is issued today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2016.